## Commonwealth v. Mainer

*John Q. Stranahan*, District Attorney, for Commonwealth.

*William D. Irwin* and *Pearse O'Connor*, for defendant.

RODGERS, P. J., December 6, 1961.—Defendant is charged with burglary and bribery of a police officer. He is free on $85,000 bond. Since the date of his arrest, newspapers with large local circulations have covered his case in great detail.

He has been described as a professional gangster, a gang ring leader, a widely known gangster, a Youngstown hoodlum and a professional criminal.

These descriptions, prior to trial, raised a serious doubt concerning the ability of this county to give him a fair trial.

In addition, it is clear that defendant's defense is based on the testimony of a Georgia sheriff named Reddish who is prepared to testify that he had Mainer under arrest in Georgia on the night of the crime.

Accusations and indictments filed against Reddish in Georgia were repeatedly printed in detail in the local papers. It is basic law that such accusations are not admissible as testimony and should not be considered by a jury.

A juror was withdrawn in the first trial because the district attorney improperly attempted to bring these matters to the attention of the jury.

This was also given wide repeated publicity, and Reddish's believability was seriously damaged in the minds of those who read the accusations.

Since Reddish was the key to his defense, this, of course, seriously affected defendant's chances of a fair trial.

The right to a fair trial by an unprejudiced jury is the basic fundamental right of our legal system. The fact that many members of the community may consider the accused guilty is no reason for denying him this right. It is precisely for this type of person that the right was instituted.

We understand the newspapers' interest in the prosecution of criminals. On this point, neither of us need make any apologies. We also understand their right to print the matters complained of here. It is not a question of right; it is a question of judgment under the circumstances of the case.

We take the liberty of suggesting that where matters of such importance are being processed by a court, which has demonstrated its desire and ability to handle such matters with dispatch, that the newspaper might better have determined for itself those matters which might prejudice such proceedings and have voluntarily refrained from printing them.

This court was also the trial judge in the previous trial. We recall that practically every member of the jury panel had read something of the accusations against Mainer, and many of them say that they had formed an opinion on the matter. We also take judicial notice of the great interest which was displayed in the trial by the members of the public who attended court. We also recall the great amount of publicity which was given the withdrawal of a juror at the former trial. For all these reasons, we believe that it would be impossible for us to obtain a completely unbiased jury and, therefore, impossible to guarantee this defendant his constitutional right of a fair trial. We, therefore, grant defendant's motion of a change of venue.

### Order

And now, December 6, 1961, the petition of defendant for a change of venue is granted. It is hereby ordered that the venue of the matters captioned Com-

monwealth v. Phil Mainer, first count: accessory before the fact; second count: bribery of a police officer at 108 December sessions, 1960, and Commonwealth v. Phil Mainer, first count: burglary, second count: conspiracy to commit burglary at 154 December sessions, 1960, is hereby changed to the Thirty-third Judicial District (Armstrong County) Pennsylvania, for trial.

The Clerk of Courts of Mercer County shall transmit to the Clerk of the Court of the Thirty-third Judicial District a full and complete transcript of the record, proceedings, indictment and all other papers at the above term and numbers.